**FOX ROTHSCHILD LLP**
By: Timothy Matson, Esq. (*pro hac vice* application forthcoming)
Elizabeth Viele, Esq,
101 Park Avenue
17th Floor
New York, NY 10178
Phone:  (212) 878-7900
Fax:  (212) 692-0940

*Attorneys for Defendant*
*Charlie Duncan Green*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JAZE LTD., | CASE NO. 7:24-CV-256 |
| Plaintiff, | |
| v. | **ANSWER TO COMPLAINT** |
| CHARLIE DUNCAN GREEN, | |
| Defendant. | |

Defendant Charlie Duncan Green ("**Defendant**" or "**Green**"), by and through his attorneys, Fox Rothschild LLP, for his answer to the Complaint (the "**Complaint**") of Plaintiff Jaze Ltd. ("**Plaintiff**" or "**Jaze**"), denies all allegations of the Complaint except as expressly and specifically admitted below, and otherwise asserts and alleges, as follows:

**STATEMENT OF THE CASE**

1.      Answering paragraph 1, Defendant admits only that Plaintiff holds itself out as a sophisticated content creator of video game animations.  Further answering, Defendant does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 of the Complaint and, therefore, denies the allegations on that basis.

2. Answering paragraph 2 of the Complaint, Defendant admits only upon information and belief that Plaintiff creates animations related to the "Friday Night at Freddy's" video game franchise ("**FNAF**"). Defendant does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 of the Complaint and, therefore, denies the allegations on that basis.

3. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and, therefore, denies the allegations on that basis.

4. Answering paragraph 4 of the Complaint, Defendant admits only that he granted non-exclusive licenses to Plaintiff for two of his original musical compositions—*Crawling* and *Labyrinth*—which, upon information and belief, were exploited by Plaintiff after its exploitation of Defendant's cover recording of *I Got Not Time* ("**IGNT**"). Defendant denies the remaining allegations of paragraph 4 of the Complaint.

5. Answering paragraph 5 of the Complaint, the License Agreement between the parties dated June 23, 2019 (the "**License Agreement**") speaks for itself, and Defendant denies all allegations not in accordance with the provisions of that agreement. Further answering paragraph 5, Defendant states that the License Agreement only licensed the non-exclusive right to use Defendant's cover recording of the musical composition IGNT, as follows:

    (a) the License Agreement was drafted by Plaintiff;

    (b) the words "musical composition" and "song" do not appear anywhere in the License Agreement, and Section 2 of the License Agreement expressly provides that the license from Defendant to Plaintiff does not include "…***any other rights to the Licensed Property not specifically granted in this Agreement***" (emphasis added);

156924986.1

  (c) the term "Licensed Property" is identified on Exhibit A to the License Agreement as "01 – I Got No Time (6.86 MB)", an obvious reference to a sound recording file of Defendant's cover recording of the musical composition IGNT;

  (d) Plaintiff holds itself out in the Complaint and otherwise as a sophisticated licensee of third-party musical compositions and sound recordings, and, therefore, knew or should have known that it must secure separate licenses for both the sound recording and underlying musical composition for any music used in connection with the creation and distribution of animation related to FNAF;

  (e) members of the musical band "The Living Tombstone" ("**TLT**")—a long-time flagship artist of recordings used for the FNAF franchise since around 2014—are the writers and owners of copyright in the musical composition IGNT, which information was publicly available to Plaintiff at the time it entered into the License Agreement with Defendant; and,

  (f) in postings and email correspondence, Plaintiff admittedly identified Defendant's cover recording of the TLT musical composition *I Got Not Time* as the "TLT Remix," an obvious reference to the musical composition and recording by the musical band TLT.

  6. Answering paragraph 6 of the Complaint, the License Agreement speaks for itself, Defendant denies that the License Agreement granted a license for the musical composition IGNT, and denies all allegations not in accordance with the terms of that document.

  7. Defendant denies the allegations of paragraph 7 of the Complaint.

  8. Defendant denies the allegation of paragraph 8 of the Complaint.

  9. Defendant denies the allegation of paragraph 9 of the Complaint.

## JURISDICTION AND VENUE

10. Paragraph 10 of the Complaint states a conclusion of law to which no responsive pleading is required. To the extent that an answer is required, Defendant denies the allegations of paragraph 10.

11. Paragraph 11 of the Complaint states a conclusion of law to which no responsive pleading is required. To the extent an answer is required, the License Agreement speaks for itself, and Defendant denies all allegations not in accordance with the terms of that document.

12. Paragraph 12 of the Complaint states a conclusion of law to which no responsive pleading is required. To the extent that an answer is required, Defendant denies the allegations of paragraph 12.

13. Paragraph 13 of the Complaint states a conclusion of law to which no responsive pleading is required. To the extent that an answer is required, Defendant denies the allegations of paragraph 13.

## PARTIES

14. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and, therefore, denies the allegations on that basis.

15. Defendant admits the allegations of paragraph 15 of the Complaint.

## FACTUAL ALLEGATIONS

**A.    Plaintiff's Famous YouTube Channel**

16. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and, therefore, denies the allegations on that basis.

17. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and, therefore, denies the allegations on that basis.

18. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and, therefore, denies the allegations on that basis.

19. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and, therefore, denies the allegations on that basis.

**A.     Plaintiff's Contract with Defendant**

20. Answering paragraph 20 of the Complaint, Defendant admits only that he granted non-exclusive licenses to Plaintiff for two of his original musical compositions—*Crawling* and *Labyrinth*—which, on information and belief, were exploited by Plaintiff after Defendant's cover recording of *I Got Not Time* ("**IGNT**").

21. Answering paragraph 21 of the Complaint, Defendant admits only that he granted non-exclusive licenses to Plaintiff for two of his original musical compositions—*Crawling* and *Labyrinth*—which, on information and belief, were exploited by Plaintiff after Defendant's cover recording of *I Got Not Time* ("**IGNT**").

22. Answering paragraph 22 of the Complaint, Defendant admits only that he granted non-exclusive licenses to Plaintiff for two of his original musical compositions—*Crawling* and *Labyrinth*—which, on information and belief, were exploited by Plaintiff after Defendant's cover recording of *I Got Not Time* ("**IGNT**").

23. Answering paragraph 23 of the Complaint, the License Agreement between the parties dated June 23, 2019 (the "**License Agreement**") speaks for itself, and Defendant denies all

allegations not in accordance with the provisions of that agreement. Further answering paragraph 23, Defendant states that the License Agreement only licensed the non-exclusive right to use Defendant's cover recording of the musical composition IGNT, as follows:

        (a)      the License Agreement was drafted by Plaintiff;

        (b)      the words "musical composition" and "song" do not appear anywhere in the License Agreement, and Section 2 of the License Agreement expressly provides that the license from Defendant to Plaintiff does not include "…***any other rights to the Licensed Property not specifically granted in this Agreement***" (emphasis added);

        (c)      the term "Licensed Property" is identified on Exhibit A to the License Agreement as "01 – I Got No Time (6.86 MB)", an obvious reference to a sound recording file of Defendant's cover recording of the musical composition IGNT;

        (d)      Plaintiff holds itself out in the Complaint and otherwise as a sophisticated licensee of third-party musical compositions and sound recordings, and, therefore, knew or should have known that it must secure separate licenses for both the sound recording and underlying musical composition for any music used in connection with the creation and distribution of animation related to FNAF;

        (e)      members of the musical band "The Living Tombstone" ("**TLT**")—a long-time flagship artist of recordings used for the FNAF franchise since around 2014—are the writers and owners of copyright in the musical composition IGNT, which information was publicly available to Plaintiff at the time it entered into the License Agreement with Defendant; and,

        (f)      in postings and email correspondence, Plaintiff admittedly identified Defendant's cover recording of the TLT musical composition *I Got Not Time* as the "TLT

Remix," an obvious reference to the musical composition and recording by the musical band TLT.

24.     Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint and, therefore, denies the allegations on that basis.

25.     Paragraph 25 of the Complaint states a conclusion of law to which no responsive pleading is required.  To the extent an answer is required, the YouTube's terms of service speaks for itself, and Defendant denies all allegations not in accordance with the terms of that document.

26.     Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint and, therefore, denies the allegations on that basis.

27.     Answering paragraph 27, Defendant admits that Plaintiff sent an email to Defendant's representative on October 13, 2023, the email speaks for itself, and denies all allegations not in accordance with the terms of that document.

28.     Answering paragraph 28, Defendant admits that Angie Green sent an email response to Plaintiff on October 13, 2023, the email speaks for itself, and denies all allegations not in accordance with the terms of that document.

29.     Answering paragraph 29 of the Complaint, the License Agreement between the parties dated June 23, 2019 (the "**License Agreement**") speaks for itself, and Defendant denies all allegations not in accordance with the provisions of that agreement. Further answering paragraph 29, Defendant states that the License Agreement only licensed the non-exclusive right to use Defendant's cover recording of the musical composition IGNT, as follows:

(a)     the License Agreement was drafted by Plaintiff;

(b) the words "musical composition" and "song" do not appear anywhere in the License Agreement, and Section 2 of the License Agreement expressly provides that the license from Defendant to Plaintiff does <u>not</u> include "…***any other rights to the Licensed Property not specifically granted in this Agreement***" (emphasis added);

(c) the term "Licensed Property" is identified on Exhibit A to the License Agreement as "01 – I Got No Time (6.86 MB)", an obvious reference to a sound recording file of Defendant's cover recording of the musical composition IGNT;

(d) Plaintiff holds itself out in the Complaint and otherwise as a sophisticated licensee of third-party musical compositions and sound recordings, and, therefore, knew or should have known that it must secure separate licenses for both the sound recording and underlying musical composition for any music used in connection with the creation and distribution of animation related to FNAF;

(e) members of the musical band "The Living Tombstone" ("**TLT**")—a long-time flagship artist of recordings used for the FNAF franchise since around 2014—are the writers and owners of copyright in the musical composition IGNT, which information was publicly available to Plaintiff at the time it entered into the License Agreement with Defendant; and,

(f) in postings and email correspondence, Plaintiff admittedly identified Defendant's cover recording of the TLT musical composition *I Got Not Time* as the "TLT Remix," an obvious reference to the musical composition and recording by the musical band TLT.

30. Answering paragraph 30 of the Complaint, the License Agreement between the parties dated June 23, 2019 (the "**License Agreement**") speaks for itself, and Defendant denies all

8

allegations not in accordance with the provisions of that agreement. Further answering paragraph 30, Defendant states that the License Agreement only licensed the non-exclusive right to use Defendant's cover recording of the musical composition IGNT, as follows:

    (a)    the License Agreement was drafted by Plaintiff;

    (b)    the words "musical composition" and "song" do not appear anywhere in the License Agreement, and Section 2 of the License Agreement expressly provides that the license from Defendant to Plaintiff does not include "…***any other rights to the Licensed Property not specifically granted in this Agreement***" (emphasis added);

    (c)    the term "Licensed Property" is identified on Exhibit A to the License Agreement as "01 – I Got No Time (6.86 MB)", an obvious reference to a sound recording file of Defendant's cover recording of the musical composition IGNT;

    (d)    Plaintiff holds itself out in the Complaint and otherwise as a sophisticated licensee of third-party musical compositions and sound recordings, and, therefore, knew or should have known that it must secure separate licenses for both the sound recording and underlying musical composition for any music used in connection with the creation and distribution of animation related to FNAF;

    (e)    members of the musical band "The Living Tombstone" ("**TLT**")—a long-time flagship artist of recordings used for the FNAF franchise since around 2014—are the writers and owners of copyright in the musical composition IGNT, which information was publicly available to Plaintiff at the time it entered into the License Agreement with Defendant; and,

    (f)    in postings and email correspondence, Plaintiff admittedly identified Defendant's cover recording of the TLT musical composition *I Got Not Time* as the "TLT

Remix," an obvious reference to the musical composition and recording by the musical band TLT.

31. Defendant denies the allegations of paragraph 31 of the Complaint.

32. Answering paragraph 32 of the Complaint, the License Agreement between the parties dated June 23, 2019 (the "**License Agreement**") speaks for itself, and Defendant denies all allegations not in accordance with the terms of that document. Further answering paragraph 32, Defendant states that the License Agreement only covered Defendant's cover recording of the musical composition IGNT and that Plaintiff knew or should have known that it must secure separate licenses for both the sound recording and underlying musical composition for any music used in connection with the creation and distribution of animation related to FNAF.

33. Defendant does not have knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint and, therefore, denies the allegations on that basis.

34. Defendant denies the allegations of paragraph 34 of the Complaint.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

35. Answering Paragraph 35 of the Complaint, Defendant incorporates by reference his responses to Paragraphs 1 through 34 above as if they were fully set forth herein.

36. Defendant denies the allegations of paragraph 36 of the Complaint.

37. Defendant denies the allegations of paragraph 37 of the Complaint because Plaintiff did not secure a license from TLT to use the underlying musical composition IGNT.

38. Defendant denies the allegations of paragraph 38 of the Complaint.

39. Defendant denies the allegations of paragraph 39 of the Complaint.

## SECOND CLAIM FOR RELIEF
### (Fraud)

40. Answering Paragraph 40 of the Complaint, Defendant incorporates by reference his responses to Paragraphs 1 through 39 above as if they were fully set forth herein.

41. Defendant denies the allegations of paragraph 41 of the Complaint.

42. Defendant denies the allegations of paragraph 42 of the Complaint.

43. Defendant denies the allegations of paragraph 43 of the Complaint.

44. Defendant denies the allegations of paragraph 44 of the Complaint.

45. Defendant denies the allegations of paragraph 45 of the Complaint.

46. Defendant denies the allegations of paragraph 46 of the Complaint.

47. Defendant denies the allegations of paragraph 47 of the Complaint.

48. Defendant denies the allegations of paragraph 48 of the Complaint.

49. Defendant denies the allegations of paragraph 49 of the Complaint.

## THIRD CLAIM FOR RELIEF
### (Negligent Misrepresentation of Contract)

50. Answering Paragraph 50 of the Complaint, Defendant incorporates by reference his responses to Paragraphs 1 through 49 above as if they were fully set forth herein.

51. Paragraph 51 of the Complaint states a conclusion of law to which no responsive pleading is required. To the extent that an answer is required, Defendant denies the allegations of paragraph 51.

52. Defendant denies the allegations of paragraph 52 of the Complaint.

53. Defendant denies the allegations of paragraph 53 of the Complaint.

54. Defendant denies the allegations of paragraph 53 of the Complaint.

156924986.1

## FOURTH CLAIM FOR RELIEF
### (Unjust Enrichment)

55. Answering Paragraph 55 of the Complaint, Defendant incorporates by reference his responses to Paragraphs 1 through 54 above as if they were fully set forth herein.

56. Defendant denies the allegations of paragraph 56 of the Complaint.

57. Defendant denies the allegations of paragraph 57 of the Complaint.

58. Defendant denies the allegations of paragraph 58 of the Complaint.

## FIFTH CLAIM FOR RELIEF
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

59. Answering Paragraph 59 of the Complaint, Defendant incorporates by reference his responses to Paragraphs 1 through 58 above as if they were fully set forth herein.

60. Defendant denies the allegations of paragraph 60 of the Complaint.

61. Defendant denies the allegations of paragraph 61 of the Complaint.

62. Defendant denies the allegations of paragraph 62 of the Complaint.

**WHEREFORE,** Defendant denies that Plaintiff is entitled to any of the relief it seeks in the Complaint and requests that this Court dismiss the Complaint with prejudice, and issue any and all other relief that the Court deems just and proper.

## AFFIRMATIVE AND OTHER DEFENSES

In further answer to the Complaint, and as separate and distinct affirmative and other defenses, Defendant alleges the following affirmative defenses. All such defenses are pled in the alternative, do not constitute an admission of liability, do not imply a concession that Plaintiff is entitled to any relief, and do not constitute an assumption of the burden of proof and/or persuasion that would otherwise rest on Plaintiff. Defendant alleges that he cannot fully anticipate all affirmative defenses that may be applicable to the within action. Accordingly, Defendant hereby reserves the right to assert additional affirmative defenses based on information subsequently

acquired through discovery, investigation, or otherwise, if and to the extent such affirmative defenses are applicable. Subject to the foregoing, for their affirmative defenses in this action, Defendant hereby asserts and allege the following:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint and each claim for relief therein (in whole or in part) fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff did not suffer any actual damages as a result of any acts or omissions of Defendant as alleged in the Complaint or otherwise, and any purported damages or harm to Plaintiff were the result of causes other than the acts or omissions of the Defendant.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff did not suffer any actual damages as a result of any acts or omissions of Defendant as alleged in the Complaint or otherwise, and any purported damages or harm to Plaintiff were the result of Plaintiff's own actions, negligence, and/or failure to secure the proper license for the use of the musical composition IGNT.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery (in whole or in part) because of and to the extent of its failure to mitigate its alleged damages.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint and each claim for relief therein (in whole or in part) are barred by the doctrines of estoppel and laches.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint and each claim for relief therein (in whole or in part) are barred by the applicable statute of limitations.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint and each claim for relief therein (in whole or in part) are not supported by adequate consideration.

**DEFENDANT'S PRAYER FOR RELIEF**

**WHEREFORE**, having fully answered and responded to the allegations of the Complaint, the Defendant respectfully requests that this Court enter judgment in his favor and against Plaintiff as follows:

(A)  Dismiss all Plaintiff's claims in their entirety and with prejudice;

(B)  Deny each and every request for relief sought by Plaintiff in the Complaint;

(C)  Enter judgment against Plaintiff and in favor of Defendant;

(D)  Award Defendant his costs, including reasonable attorneys' fees and expenses in an amount and manner permitted by contract or applicable law; and

(E)  Grant Defendant such other and relief as this Court may deem just and proper.

Dated:  April 1, 2024

**Respectfully submitted**,

**FOX ROTHSCHILD LLP**

By:  *[s/] Elizabeth Viele*
Timothy Matson, Esq. (*pro hac vice* application forthcoming)
Elizabeth Viele, Esq,
101 Park Avenue, 17th Floor
New York, NY 10178
tmatson@foxrothschild.com
eviele@foxrothschild.com
Phone:  (212) 878-7900
Fax:  (212) 692-0940

**CERTIFICATE OF SERVICE**

I, <u>Elizabeth Viele</u>, Esquire, hereby certify that on this date, I served the foregoing document upon the persons and in the manner indicated below, through the Court's electronic filing system:

>Michael Lee (ML5346) Lee Law PLLC
>57 West 38th Street, 11th Floor
>New York, NY 10018
>Telephone: (212) 621-8239
>
>Gerald N. Saggese III (GS 5346)
>Whitman Breed Abbot & Morgan LLC
>500 West Putnam Avenue
>Greenwich, CT 06830
>Telephone: (203) 862-2331
>
>Attorneys for Plaintiff

*/s/ [s/] Elizabeth Viele*
Elizabeth Viele

156924986.1