

101 Park Avenue, 17th Floor
New York, NY 10178
212.878.7900   212.692.0940
www.foxrothschild.com

TIMOTHY C. MATSON
Direct No: 612.607.7064
Email: tmatson@foxrothschild.com

October 22, 2024

**VIA ECF**

Judge Paul A. Engelmayer
United States District Court for the
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10017

**Re:    Jaze Ltd. v. Charlie Duncan Green (1:24-cv-00256)**

Dear Judge Engelmayer,

We represent Defendant Charles Duncan Green in the above-referenced matter. We send this letter pursuant to Local Rule 37.2 and the Court's Individual Rules of Practices in Civil Cases to address a discovery dispute pertaining to Plaintiff's untimely and deficient discovery responses. Counsel for Defendant respectfully certifies that he has met and conferred with Counsel for Plaintiff, first by letter and then by telephone, in an effort to resolve this discovery dispute.

As an initial matter, Plaintiff's responses to Defendant's First Set of Interrogatories and First Set of Requests for Production of Documents were untimely. Defendant served its discovery requests on Plaintiff on Friday, July 15, 2024, with the deadline to respond of Wednesday, August 14, 2024. On Monday, August 12, 2024, Counsel for Plaintiff requested and was granted a two-week extension to respond on or before Wednesday, August 28, 2024. However, Plaintiff's responses were not served until Wednesday, September 4, 2024. Pursuant to Fed. R. Civ. P 33(b)(4) and 34(b)(2)(A), any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.

A Pennsylvania Limited Liability Partnership

California    Colorado    Delaware    District of Columbia    Florida    Georgia    Illinois    Massachusetts    Minnesota    Missouri
Nevada    New Jersey    New York    North Carolina    Oklahoma    Pennsylvania    South Carolina    Texas    Washington



October 22, 2024
Page 2

**Computation of Damages (Interrogatory No. 2/Document Request Nos. 14-15)**:

Defendant's Interrogatory No. 2 and Document Request Nos. 14 and 15 requested answers and documents pertaining to Plaintiff's claims for damages in this matter, including: (a) the nature and amount of damages sought, by category as identified in the Complaint and in Plaintiff's Rule 26(a) initial disclosures; (b) the method of calculation for each category or claim of damages; and (c) all documents reflecting revenues generated by the YouTube video at issue in this matter and referenced in Paragraph 33 of the Complaint. Plaintiff objected on the grounds that: (a) Interrogatory No. 2 "is compound in violation of the Federal Rules"; (b) "damages calculations will depend upon testimony to be developed and information to be disclosed throughout discovery"; and (c) documents pertaining to revenues generated by the YouTube video are being withheld based on the attorney-client and work-product privileges. Plaintiff's blanket objections to Interrogatory No. 2 and Request Nos. 14 and 15 are wholly without merit. Local Rule 33.3 expressly allows for interrogatories pertaining to "the computation of each category of damages claimed." Moreover, Fed. R. Civ. P. 26(a)(1)(A)(iii) expressly requires Plaintiff to disclose "a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material…on which each computation is based…." Plaintiff has not provided any computation of damages, nor has Plaintiff produced any documents pertaining to it damages claim whatsoever. Plaintiff's blanket responses and objections to Interrogatory No. 2 and Request Nos. 14-15 are wholly deficient and without merit.

**Plaintiff's Income Generally and from FNAF Franchise (Request Nos. 4-5)**:

Defendant's Request Nos. 4 and 5 requested all documents pertaining to Plaintiff's income from its "Jaze Cinema" YouTube channel and "Friday Nights at Freedy's" ("FNAF") video game franchise. Plaintiff's blanket objections to Request No. 4 and 5 as "unduly burdensome" and "sensitive" and "confidential" and subject to the attorney-client and work-product doctrine are wholly without merit. Plaintiff put its income derived generally and from its FNAF video game franchise at issue in this dispute. *See* Complaint, ¶¶ 1-2 (i.e., allegations pertaining to the success of Plaintiff's YouTube platform, TikTok platform, and FNAF video game franchise). Plaintiff should be compelled to produce all responsive documents requested. Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" and "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable.").



October 22, 2024
Page 3


**Plaintiff's License Agreements with Third-Party Animators/Musicians (Request Nos. 6-8)**:

Defendant's Request Nos. 6-8 requested all licenses and communications between Plaintiff and third-party animators and musicians. Plaintiff objected on the grounds that the requests are "overbroad" and "irrelevant" and "confidential." Plaintiff's blanket objections to Request Nos. 6-8 are wholly without merit. Plaintiff holds itself out in the Complaint and otherwise as a sophisticated licensee of third-party animation, musical compositions, and sound recordings. *See* Complaint, ¶¶ 1-2. Moreover, Plaintiff expressly put its licenses with third-party animators and musicians at issue in this action as exemplars of intellectual property rights granted and the representations and warranties of the third-party animators and musicians under licenses with Plaintiff. *See* Complaint, ¶ 3 (i.e., allegations pertaining to the contractual provisions of Plaintiff's licenses with third-party animators and musicians). These documents are also directly germane to the defense that, among other things, Plaintiff knew or should have known that it must secure separate licenses for both the sound recording and underlying musical composition for any music used in connection with the creation and distribution of animation for the FNAF video game franchise or otherwise. Defendant is entitled to the production of all licensing agreements and communications between Plaintiff and third-party animators/musicians in Request Nos. 6-8. Fed. R. Civ. P. 26(b)(1).

**The Living Tombstone Copyright Claim—Request Nos. 10-12**:

Defendant's Request Nos. 10-12 requested all documents and communications between Plaintiff and the members of the musical band *The Living Tombstone* which relate to the copyright infringement claim referenced in the Complaint. Plaintiff objected on the grounds that the requests are "overbroad" and "not pertinent to the topic of this action." Plaintiff's blanket objections to Request Nos. 10-12 are wholly without merit. Plaintiff put all documents and communications related to the musical band *The Living Tombstone* directly at issue in this case. *See* Complaint, ¶¶ 3, 7 (i.e., allegations pertaining to licenses with third-party musicians and *The Living Tombstone* copyright claim). These documents are directly germane to the defenses as referenced above. Fed. R. Civ. P. 26(b)(1).

**Third-Party Claims/Copyright Strikes—Interrogatory No. 5/Request No. 13**:

Defendant's Interrogatory No. 5 and Request No. 13 requested Plaintiff identify and produce all documents pertaining to copyright strikes and copyright claims asserted by third parties against Plaintiff. Plaintiff objected on the grounds that the requests are "overbroad" and "not pertinent to the topic of this action." Plaintiff's blanket objections are wholly without merit. The information and documents requested are directly germane to the defense that Plaintiff knew or should have



October 22, 2024
Page 4

known that it must secure separate licenses for both the sound recording and underlying musical composition for any music used in connection with the creation and distribution of animation for the FNAF video game franchise. Fed. R. Civ. P. 26(b)(1). Plaintiff also put third party claims directly at issue by requesting the same information and documents from Defendant.

Sincerely,

Timothy C. Matson