**WB** WhitmanBreed

Gerard N. Saggese III
500 West Putnam Avenue
Greenwich, CT 06830
Tel 203.862.2331  |  Fax 203.869.1951
gsaggese@wbamct.com

October 28, 2024

**Via ECF**
Hon. Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

*Re:*  *Jaze Ltd. v. Green* – Case 1:24-cv-00256-PAE – Opposition to Defendant's Letter-Motion

Dear Judge Engelmayer:

This firm and Lee Law PLLC represent Jaze Ltd. ("Plaintiff"). Pursuant to the Court's October 23, 2024 Order (ECF No. 26), Plaintiff submits this letter in opposition to the letter-motion requesting production of certain documents filed by defendant Charlie Duncan Green ("Defendant").

The undersigned met and conferred with Defendant's counsel by telephone in response to his letter dated September 9, 2024. That letter is substantially identical to the letter-motion filed with the Court on October 22, 2024 (ECF No. 25). Initially, Plaintiff's attorney, Michael Lee, arranged a meet and confer with Defendant's attorney, Timothy Matson; however, due to Attorney Lee requiring extensive and urgent medical treatment and his subsequent hospitalization,[1] the undersigned rescheduled and attended the meet and confer. The meet and confer call occurred on October 3, 2024.

We address each of Defendant's concerns as they appear in Defendant's October 22, 2024 letter-motion.

---

[1] Not noted in Attorney Matson's letter to the Court, Attorney Lee's condition was represented to Attorney Matson multiple times, including in Attorney Lee's email of August 28, 2024 requesting an additional week to respond to discovery requests: "I write to request a one week extension to respond to discovery requests. This morning I was taken to the hospital for testing that will last until Friday. Please let me know." Attorney Matson never responded to this request but leads his letter with half of the whole narrative.

**Whitman Breed Abbott & Morgan LLC**

**Greenwich, CT** 500 West Putnam Avenue, Greenwich, CT 06830  |  Tel 203.869.3800  |  Fax 203.869.1951
**White Plains, NY** 50 Main Street, Suite 1000, White Plains, NY 10606  |  Tel 914.682.2123  |  Fax 914.682.7784

**Computation of Damages (Interrogatory No. 2/Document Request Nos. 14-15)**

First, it is necessary to specifically identify each of the discovery requests to which Defendant's counsel refers.[2]

Interrogatory No. 2 requests that Plaintiff state, with respect to its claim for damages in this action, "(a) the nature and amount of damages sought, by category as identified in the Complaint and in Plaintiff's Rule 26(a) initial disclosures; and (b) the method of calculation for each category or claim of damages."

Plaintiff objected to the compound nature of the interrogatory, and further objected that "it is unable to provide the amount of damages sought at this time, because as stated in its Initial Disclosures, Plaintiff anticipates that damages calculations will depend upon testimony to be developed and information to be disclosed throughout discovery."[3] Notwithstanding its objections, Plaintiff responded with the categories of damages it seeks in this action. In simple terms, Plaintiff currently does not possess responsive information to provide to Defendant. However, as indicated, Plaintiff has continued to engage in discovery to obtain such information. Last week, Plaintiff provided Defendant its Notice of Subpoena to YouTube, which was served on YouTube shortly thereafter. The subpoena seeks documents concerning revenue generated by the Plaintiff's YouTube video at issue, which will assist Plaintiff in answering Defendant's Interrogatory No. 2.

Request No. 14 sought "[a]ll Documents which identify, show, evidence, or establish the revenues generated by the YouTube video referred to in paragraph 33 of the Complaint;" and Request No. 15 sought "All Documents which identify, show, evidence or establish the nature and amount of damages sought by Plaintiff in this Action and the method of calculation for each claim or category of damages."

Defendants oversimplify and thus mischaracterize Plaintiff's objections. Plaintiff objected on grounds of attorney-client privilege and the work product doctrine based on Defendant's phrasing of the request. Defendant sought documents "which *identify*, *show*, *evidence*, or *establish*" certain information. (Emphasis added.) The broad scope of this request would inherently require production of counsel's impressions and legal opinions about what may "identify, show, evidence or establish" certain elements and potentially communications between Plaintiff and its attorneys related thereto. Thus, it is inaccurate to state merely that Plaintiff withheld "documents pertaining to revenues generated by the YouTube video" on basis of privilege. Aside from such privileged documents, Plaintiff does not possess responsive documents to provide to Defendant. Plaintiff expects to obtain responsive documents in connection with its subpoena to YouTube.

**Plaintiff's Income Generally and from FNAF Franchise (Request Nos. 4-5)**

Defendant's Requests are wholly inappropriate. Paragraphs 1-2 of Plaintiff's Complaint allege only that Plaintiff is a "well-known content creator" with a longstanding presence on social media, where it garners several millions of views on its content. There is no allegation of Plaintiff's monetary success. Plaintiff's overall income is not at issue in this case and not germane to the dispute, nor does it relate to the damages Plaintiff seeks. The only relevant income in this breach of contract case is the income lost by Plaintiff in association with the breach, as will be provided by YouTube.

---

[2] Despite requesting relief, Defendant's counsel fails to provide the Court a copy of Defendant's First Set of Interrogatories and Defendant's First Set of Document Requests, which are attached hereto as Exhibit A.

[3] A copy of Plaintiff's Responses to Defendant's First Set of Interrogatories and Plaintiff's Responses to Defendant's First Set of Document Requests are attached hereto as Exhibit B.

Hon. Paul A. Engelmayer<br>
October 28, 2024<br>
Page 3

**Plaintiff's License Agreements with Third-Party Animators/Musicians (Request Nos. 6-8)**

Defendant's overbroad Request No. 6 sought "[a]ll licensing and other agreements between Plaintiff and third-party animators hired by Plaintiff referred to in paragraph 3 of the Complaint;" Request No. 7 sought "[a]ll licensing and other agreements between Plaintiff and third-party musicians hired by Plaintiff referred to in paragraph 3 of the Complaint;" and Request No. 8 sought "[a]ll Communications between Plaintiff and third-party animators and musicians referred to in paragraph 3 of the Complaint."

First, Plaintiff's contracts and communications with third parties -- those unrelated to this dispute -- are not relevant and wholly inappropriate to be sought as discovery in this simple breach of contract lawsuit. The only agreement that is germane to this dispute is the one between Plaintiff and Defendant, which Plaintiff has produced.

Second, as Plaintiff's counsel relayed to Defendant's counsel, to gather these irrelevant documents would be unduly burdensome. This task is monumental for several reasons: (a) Plaintiff has approximately 750 of these agreements with third-party animators and musicians; (b) these agreements are not stored in a file but must be downloaded and saved from a third-party e-signature service provider's database; and (c) as noted by counsel, each one of these agreements would need to be redacted to remove parties, monetary terms, and any other business sensitive content in order to protect Plaintiff's trade secrets.

In sum, for these reasons, such production of irrelevant documents would be unduly burdensome and costly.

**The Living Tombstone Copyright Claim (Request Nos. 10-12)**

During the October 3, 2024 meet and confer, the undersigned reminded Defendant's counsel that Plaintiff fully responded and made no objections to Request No. 12. The undersigned also agreed to provide further information concerning Plaintiff's objections to Request Nos. 10 and 11. By email dated October 10, 2024 (the deadline counsel agreed upon), the undersigned stated, in relevant part:

> Request No. 10: No documents are being withheld other than those protected by the attorney-client privilege and work product privilege. But for the improper overbreadth, privileged documents would not be encompassed by the Request. Thus, if the Request was redrafted to not be improperly overbroad and instead limit the scope to not include those privileged materials, the response would be that all responsive documents were produced.
>
> Request No. 11: We consulted again with our client, who, upon a diligent search, confirms there are no communications with TLT members being withheld. Thus, the statement that "[r]esponsive documents are being withheld on the basis of the stated objections" is hereby withdrawn.

To date, Defendant's counsel has not responded to this email. There is no dispute concerning these Requests.

**Third-Party Claims/Copyright Strikes (Interrogatory No. 5/Request No. 13)**

Plaintiff's counsel's October 10, 2024 email also attempted to address this concern by stating, in relevant part:

> <u>Request No. 13</u>: The documents being withheld consist of communications with Youtube concerning third-party DMCA notifications, none of which proceeded beyond an initial takedown notice and then were withdrawn or dismissed.

As previously mentioned, Defendant's counsel has not responded to this email. There is no dispute concerning these requests.

\* \* \* \* \* \* \* \* \*

In sum, Plaintiff has responded with information and documents where they exist, agreed to seek additional information to supplement its answers, and proffered narrowly tailored and legitimate objections where appropriate. As such, no further action is needed as it concerns Plaintiff's responses and objections to Defendant's discovery requests.

Thank you for your consideration.

Sincerely,

*/s/ Gerard N. Saggese III*

Gerard N. Saggese III

cc: Counsel of Record (via ECF)