# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAZE LTD,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>CHARLIE DUNCAN GREEN<br><br>　　　　　　Defendant. | Case No. 1:24 Civ. 00256 (PAE) |

## DEFENDANT'S FIRST SET OF INTERROGATORIES

**PLEASE TAKE NOTICE**, that Charlie Duncan Green ("**Defendant**"), by and through its attorneys, Fox Rothschild LLP, hereby request answers under oath from Plaintiff Jaze LTD. ("**Plaintiff**" or "**Jaze**"), to the following interrogatories in the manner prescribed by Rule 33 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("**Local Rules**"), within thirty (30) days of service.

These interrogatories shall be deemed continuing so as to require supplemental answers if Plaintiff obtains further information between the time answers are served and the time of the trial.

## DEFINITIONS

1. As used herein the terms "you", "your" or "Plaintiff" refers to refers to Plaintiff Jaze LTD.

2. As set forth in Southern District Local Rule 26.3(c)(1), the term "communication" is defined as the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

3. As set forth in Southern District Local Rule 26.3(c)(2), the term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

4. As set forth in Southern District Local Rule 26.3(c)(3), the term "identify", with respect to documents, means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

5. As set forth in Southern District Local Rule 26.3(c)(3), the term "identify", with respect to persons, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

6. As set forth in Southern District Local Rule 26.3(c)(6), the term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

7. As set forth in Southern District Local Rule 26.3(c)(8), the term "concerning" is defined as relating to, referring to, describing, evidencing or constituting.

## INSTRUCTIONS

1. As set forth in Southern District Local Rule 26.3(d)(1), the terms "all," "any," and "each" shall each be construed as encompassing any and all.

2. As set forth in Southern District Local Rule 26.3(d)(2), the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the

scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3. As set forth in Southern District Local Rule 26.3(d)(3), the use of the singular form of any word includes the plural and vice versa.

4. Each interrogatory requests that each and every part and particular thereof be answered with the same force and effect as if each part and particular were the subject of, and were asked by, a separate interrogatory. Where an interrogatory relates to more than one person or subject, it is to be answered as to each such person or subject separately.

5. You are to furnish all information which is available to you as of the date of your answers to these interrogatories. If you are unable to answer any of the interrogatories fully and completely, after exercising due diligence to secure the information necessary to make such full and complete answer, so state, and answer each such interrogatory to the fullest extent possible, specifying the extent of your knowledge and your inability to answer the remainder, setting forth whatever information or knowledge you may have concerning the unanswered portions thereof and the efforts you made to obtain the requested information.

## **INTERROGATORIES**

1. Identify the names and addresses of all witnesses with knowledge of information relevant to the subject matter of the action.

2. With respect to your claim for damages in this Action, state:

    a. the nature and amount of damages sought, by category as identified in the Complaint and in Plaintiff's Rule 26(a) initial disclosures; and

    b. the method of calculation for each category or claim of damages.

3. Identify the existence, custodian, location and general description of all documents identified in the Complaint, Plaintiff's Rule 26(a) disclosures, and all other documents relevant to the subject matter of this action.

4. Identify all people who provided information that was included in your responses to any of the foregoing interrogatories.

5. Identify any and all copyright strikes and/or copyright claims you have received from third parties or from YouTube in connection with any of your YouTube channels from 2017 to the present.

Dated: July 15, 2024                                 **FOX ROTHSCHILD LLP**

By: /s/Timothy C. Matson/
Timothy Matson, Esq. (*pro hac vice*)
Elizabeth C. Viele, Esq.
101 Park Avenue, 17th Floor
New York, New York 10178
tmatson@foxrothschild.com
eviele@foxrothschild.com

*Attorneys for Defendant Charlie Duncan Green*

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | |
| JAZE LTD,<br><br>　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>CHARLIE DUNCAN GREEN<br><br>　　　　　　　　Defendant. | Case No. 1:24 Civ. 00256 (PAE) |

### DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

**PLEASE TAKE NOTICE**, that Charlie Duncan Green ("**Defendant**"), by and through its attorneys, Fox Rothschild LLP, demand, pursuant to Rule 34 of the Federal Rules of Civil Procedure, that Plaintiff Jaze LTD. ("**Plaintiff**" or "**Jaze**") produce, no later than thirty (30) days from the date of these demands, at the offices of the undersigned located at 101 Park Avenue, 17th Floor, New York, New York, or at a mutually convenient location, the items specified below for the purpose of discovery, inspection, testing, photographing and copying, and that any written objections be timely interposed.

### DEFINITIONS

1.　As used herein the terms "you", "your" or "Plaintiff" refers to Plaintiff Jaze LTD.

2.　As set forth in Southern District Local Rule 26.3(c)(1), the term "communication" is defined as the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

3.　As set forth in Southern District Local Rule 26.3(c)(2), the term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

4.      As set forth in Southern District Local Rule 26.3(c)(6), the term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

5.      As set forth in Southern District Local Rule 26.3(c)(8), the term "concerning" is defined as relating to, referring to, describing, evidencing or constituting.

## INSTRUCTIONS

1.      As set forth in Southern District Local Rule 26.3(d)(1), the terms "all," "any," and "each" shall each be construed as encompassing any and all.

2.      As set forth in Southern District Local Rule 26.3(d)(2), the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3.      As set forth in Southern District Local Rule 26.3(d)(3), the use of the singular form of any word includes the plural and vice versa.

4.      Each document to be produced must be produced in its entirety with all exhibits, attachments, and schedules.

5.      With respect to any document withheld on a claim of privilege, provide a statement signed by an attorney setting forth as to each such document: (a) a statement of facts constituting the basis for any claim of privilege, work product or other ground of non-disclosure; (b) a brief description of the document, including: (i) the date of the document; (ii) the name(s) of its author(s), or preparer(s), together with an identification by employment and title of each such person; (iii) the name(s) of the sender(s) of the document, together with an identification by employment and title of each such person; (iv) the name(s) of each person(s) who was sent or has had access to, or custody of the document, together with an identification by employment

and title of each such person; (v) the paragraph of this request to which the document relates; and (vi) in the case of any document relating in any way to a meeting or conversation, identification of such meeting or conversation and a list of the participants thereto.

6. If any document is known to exist, but cannot be produced, that document is to be specifically identified as precisely as possible and the reasons for the inability to produce the document stated.

7. This request for production of documents is continuing and any document obtained or located subsequent to production that would have been produced had it been available or its existence known at the time is to be supplied as soon as reasonably possible.

## **DEFENDANT'S FIRST SET OF DOCUMENT REQUESTS**

Defendant demands that Plaintiff produce the following documents:

1. All Documents referred to in Plaintiff's Rule 26(a) Initial Disclosures.

2. All Documents identified, cited to, or referred to in the Complaint.

3. All Communications between or among Plaintiff, Defendant, and their respective representatives, officers, agents, and employees.

4. All Documents which identify, show, evidence, or establish Plaintiff's income from 2017 to the present from its YouTube channel(s) "Jaze Cinema" referred to in paragraph 1 of the Complaint.

5. All Documents which identify, show, evidence, or establish Plaintiff's income from 2017 to the present from Plaintiff's original animations for the "Friday Night at Freddy's" video game franchise referred to in paragraph 2 of the Complaint.

6. All licensing and other agreements between Plaintiff and third-party animators hired by Plaintiff referred to in paragraph 3 of the Complaint.

7. All licensing and other agreements between Plaintiff and third-party musicians hired by Plaintiff referred to in paragraph 3 of the Complaint.

8. All Communications between Plaintiff and third-party animators and musicians referred to in paragraph 3 of the Complaint.

9. All "Licensing Agreements" between Plaintiff and Defendant referred to in paragraphs 4 and 5 of the Complaint.

10. All Documents and Communications which are related to, identify, show, evidence, or establish the third-party copyright claim referred to in paragraph 6 of the Complaint.

11. All Communications between Plaintiff and members of the musical group *The Living Tombstone.*

12. All Documents and Communications between Plaintiff and Defendant which are related to, identify, show, evidence or establish the third-party copyright claim referred to in paragraph 6 of the Complaint.

13. All Documents and Communications which are related to, identify, show, evidence, or establish any and all copyright claims or copyright strikes received by Plaintiff in connection with any of its YouTube channels from 2017 to the present.

14. All Documents which identify, show, evidence, or establish the revenues generated by the YouTube video referred to in paragraph 33 of the Complaint.

15. All Documents which identify, show, evidence or establish the nature and amount of damages sought by Plaintiff in this Action and the method of calculation for each claim or category of damages.

Dated: July 15, 2024 **FOX ROTHSCHILD LLP**

By: /s/Timothy C. Matson/
    Timothy Matson, Esq. (*pro hac vice*)
    Elizabeth C. Viele, Esq.
    101 Park Avenue, 17th Floor
    New York, New York 10178
    tmatson@foxrothschild.com
    eviele@foxrothschild.com

*Attorneys for Defendant Charlie Duncan Green*